F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 26 2014 ★

LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DENZEL JONES, DEANDRE MOORE,              :
SEAN LEWIS, LOVENTINO CASSADEAN,          :
                                          :
                          Plaintiffs,     :
                                          :       MEMORANDUM AND ORDER
            -against-                     :       14-CV-1217 (JFB)(GRB)
                                          :
NASSAU COUNTY CORRECTIONAL INST.,         :
NASSAU COUNTY SHERIFF'S DEPT.,            :
MICHEAL [sic] SPOSATO, Sheriff of         :
Nassau County,                            :
                                          :
                          Defendants.     :
------------------------------------------------------------X
DEANDRE MOORE,                            :
                                          :
                          Plaintiff,      :
                                          :       14-CV-1562 (JFB)(ARL)
            -against-                     :
                                          :
NASSAU COUNTY CORRECTIONAL INST.,         :
MICHEAL [sic] SPOSATO, Sheriff of Nassau  :
County, CORRECTIONAL OFFICER DAILY,       :
                                          :
                          Defendants.     :
------------------------------------------------------------X
```

JOSEPH F. BIANCO, District Judge:

On February 24, 2014, four incarcerated *pro se* plaintiffs, Denzel Jones ("Jones"), Deandre Moore ("Moore"), Sean Lewis ("Lewis") and Lovetino Cassadean ("Cassadean") (collectively, "plaintiffs") filed an *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the "Nassau County Correctional Inst." ("the Jail"); the Nassau County Sheriff's Dept." ("the Sheriff's Dept.") and "Micheal [sic] Sposato, Sheriff of Nassau County" ("Sheriff Sposato") that was assigned docket number 14-CV-1217 (the "first complaint"). None of the plaintiffs filed the required Prisoner Authorization Form ("PLRA")

and, accordingly, a Notice of Deficiency ("Notice") was sent to each plaintiff on March 3, 2014. The Notice informed the plaintiffs that, in order to proceed with their case, a completed PLRA form must be filed with the Court within fourteen (14) days from the date of the Notice. To date, only Moore has complied. [*See* Dkt. Entry 6] Accordingly, given the failure of the plaintiffs other than Moore to file the PLRA in accordance with the Notice, or otherwise communicate with the Court, their claims are dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

On March 3, 2014, Moore filed another *in forma pauperis* civil rights complaint pursuant to Section 1983 alleging the same claim against two of the same defendants, the Jail and Sheriff Sposato, and a new defendant, Nassau County Corrections Officer Daily ("C.O. Daily"). The second complaint was assigned docket number 14-CV-1562 (the "second complaint") (together with the first complaint, "complaints"). Both complaints allege that, on February 3, 2014, while Moore was in protective custody, he was called for inside recreation and "placed in an open bar cage." (Complaints at ¶ IV.) Moore describes that he and his fellow protective custody inmates were "on display" in the cage for the general population inmates who "began to curse, torment and make threats" to Moore. (Second complaint at ¶ IV.) Moore alleges that he questioned C.O. Daily as to why the protective custody inmates were placed in the cage with the general population to which C.O. Daily is alleged to have responded: "It was ordered by Micheal [sic] Sposato Sheriff of Nassau County so any complaint talk to him not me." (*Id.*)

Moore further claims that on February 6, 2014 he was again placed in "the cage" within the general population area for recreation where a "muscular build inmate from B4D (G.P.) came to the cage & spit on me and told be 'your [sic] a snitching rat, I know where you & your family

lives and threaten[ed] me with physical harm.'" (Complaints at ¶ IV.) Moore further claims that when he complained to unspecified "staff" about the February 6th incident he was told that he should either refuse recreation time or sign out of protective custody. (Second complaint at ¶ IV.) Though Moore has left blank the section on each complaint form that calls for a description of any injuries suffered, Moore seeks unspecified "compensation" for relief in both complaints for the alleged negligence and breach of security by the staff and Sheriff at the Jail. (Complaints at ¶ V.)

Accordingly, for the reasons that follow, the Court consolidates Moore's complaints under the first-filed docket number, 14-CV-1217 and dismisses plaintiff's Section 1983 claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1) with leave to file an amended complaint as set forth below.

## DISCUSSION

### I. Application to Proceed *In Forma Pauperis*

Upon review of plaintiff's declarations in support of his applications to proceed *in forma pauperis*, the Court determines that plaintiff's financial status qualifies him to commence these actions without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's requests to proceed *in forma pauperis* are granted.

### II. Consolidation of the Complaints

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether

consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Consolidation is appropriate in order to serve the interests of judicial economy. *See, e.g., Jacobs v. Castillo*, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," *Johnson*, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," *Devlin*, 175 F.3d at 130 (internal citations omitted). Cases may be consolidated where, as here, there are different parties in the complaints. *See Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) ("The fact that there are different parties in this action does not mean this case should not be consolidated."); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004) (explaining that consolidation is appropriate even where certain defendants are named in only one of the complaints). The paramount concern is whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice. *Johnson*, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.").

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Kellen Co. v. Calphalon Corp.*, 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); *accord Adam*

*v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. *See Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co.*, 878 F.2d at 80; *Kellen*, 54 F. Supp. 2d at 221.

Here, both of the complaints filed by Moore challenge the conditions of his confinement at the jail. Apart from the identity of the defendants in each case, the factual allegations set forth in both complaints are virtually identical. However, the fact that the defendants are different in the two actions does not mean that the cases should not be consolidated. *See Werner*, 797 F. Supp. at 1211. Rather, the Court, in its discretion, has determined that this difference, together with the common questions of law and fact in both cases, do not outweigh the interests of judicial economy served by consolidation. Accordingly, the Court orders that Moore's complaints be consolidated pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 14-CV-1217. The Clerk of Court is directed to: (1) consolidate these actions, and (2) mark the second case (14-CV-1562) closed. All future filings are to be docketed in 14-CV-1217.

III.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. *See id.* Courts are obliged to construe the pleadings of a *pro se* plaintiff liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of

the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd* 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 267 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." *Id.* at 678; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

A. Section 1983

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. To state a Section 1983 claim, "a plaintiff must allege (1) that the challenged conduct was attributable at

least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). With these standards in mind, the Court considers Moore's claims against the defendants.

B. Claims Against the Jail, the Sheriff's Department, the Sheriff, and the County

It is well-established that the Jail and Sheriff's Department are merely administrative arms of the County of Nassau and lack any independent legal identity apart from Nassau County. *See, e.g., Hawkins v. Nassau Cnty. Corr. Facility*, 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011) ("[T]he Nassau County Correctional Facility is an 'administrative arm[ ]' of the municipal entity, the County of Nassau, and thus lacks the capacity to be sued as a separate entity.") (citations omitted); *Miller v. Cnty. of Nassau*, No. 10 CV–3358, 2013 WL 1172833, at *4 (E.D.N.Y. Mar. 19, 2013) (dismissing claims against the Nassau County Sheriff's Department because it lacks an independent legal identity). Accordingly, the Jail and the Sheriff's Department lack the legal capacity to be sued. Moore's Section 1983 claims against the Jail and the Sheriff's Department are not plausible and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(B)(1).

Moore also asserts claims against Sheriff Sposato and, given Moore's *pro se* status, the Court construes his claims as lodged against the County of Nassau as well. In particular, the second complaint alleges that Sheriff Sposato, a policymaking official, ordered C.O. Daily to

7

confine Moore and others in the open-bar cage, and thereby caused them to be harassed and humiliated. The complaints seek damages, but also injunctive relief against Sheriff Sposato and the County.

To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008); see also *Connick v. Thompson*, --- U.S. ----, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting *Monell v. Dept. of Social Servs. of the City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Thus, "a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Id.*; see also *Connick*, 131 S. Ct. at 1350 (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); *Los Angeles County, Cal. v. Humphries*, --- U.S. ----, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., solely because it employs a tortfeasor." (quotations and citation omitted)).

"A municipal policy may be pronounced or tacit and reflected in either action or inaction." *Cash v. County of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). "Official municipal policy

includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S. Ct. at 1359. In addition, municipal liability can be established "by showing that a policymaking official ordered or ratified the employee's actions - either expressly or tacitly." *Jones*, 691 F.3d at 81.

Here, the second complaint alleges that Sheriff Sposato, a policymaking official, ordered C.O. Daily to confine Moore and others in the open-bar cage. Thus, the second complaint sufficiently alleges that the purportedly unlawful conduct was ordered by a policymaking official. As is discussed below, the complaint does not sufficiently allege a violation of Moore's constitutional rights, and therefore the claims against Sheriff Sposato and the County are dismissed without prejudice. However, to the extent that Moore is able to cure this deficiency with an amended complaint, he may proceed against Sheriff Sposato and the County.

C. Claim Against C.O. Daily

As noted above, a plausible Section 1983 claim requires an allegation of the deprivation of some constitutional right. Here, it appears that Moore seeks to impose liability on C.O. Daily for allowing another inmate to verbally harass and spit on him. It is well-established that verbal abuse or name calling alone is not actionable under Section 1983. *Webster v. Fischer*, 694 F. Supp.2d 163, 187 (N.D.N.Y. 2010) ("42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse."), *aff'd*, 398 F. App'x 683 (2d Cir. 2010); *see also Johnson v. Eggersdorf*, 8 F. App'x 140, 143 (2d Cir. May 17, 2001) (summary order) ("In this Circuit, allegations of verbal harassment are insufficient to base a Section 1983 claim if no specific injury is alleged."). Thus, "the mere allegation of verbal abuse, however repugnant it may be, does not rise to the level of a

constitutional violation and is not cognizable under 42 U.S.C. § 1983." *Webster*, 694 F. Supp.2d at 187 (citations omitted); *Gleave v. Graham*, 954 F. Supp. 599, 612 (W.D.N.Y. 1997) ("[V]erbal abuse and name calling do not implicate any federal constitutional rights and therefore usually are not actionable under Section 1983.").

Here, as is readily apparent, Moore does not allege that C.O. Daily deprived him of any constitutional right such that a plausible Section 1983 claim might be read.[1] Rather, Moore complains that another inmate, who does not act under color of state law and who is not named as a defendant herein, verbally harassed and spit on him. Insofar as Moore's complaint is liberally construed against C.O. Daily to claim that C.O. Daily failed to protect Moore from such conduct, such claim too fails. Although "prison officials have a duty to protect inmates from violence . . . at the hands of other inmates," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Ayers v. Coughlin*, 780 F.2d 205, 209 (2d Cir. 1985) (*per curiam*), an inmate's constitutional right to protection is only violated where the failure is "sufficiently serious" and the official has acted with "deliberate indifference." *Farmer*, 511 U.S. at 834. Whether a failure was "sufficiently serious" is an objective inquiry; a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Id.* (citation omitted). The second prong, "deliberate indifference," requires the plaintiff to allege

---

[1] Because Moore does not allege whether he is a pretrial detainee or a convicted prisoner, the Court cannot determine whether his failure to protect claim arises under the Eighth or Fourteenth Amendment. Such distinction is of no moment at this juncture since the pleading requirements for such claim, whether brought under the Fourteenth or Eighth Amendment, is the same. *See, e.g., Bell v. Wolfish*, 441 U.S. 520, 536 at n. 16, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979); *Mills v. Fenger*, 216 F. App'x 7, 8 at n. 2 (2d Cir. 2006); *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000) ("We have often applied the Eighth Amendment deliberate indifference test to pre-trial detainees bringing actions under the Due Process Clause of the Fourteenth Amendment.").

that the defendants knew of and disregarded a substantial risk of serious harm to the plaintiff. *Id.* at 835-36; *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620–21 (2d Cir. 1996). Moore has not alleged a "sufficiently serious" injury with regard to his allegation that an inmate spit on him. *Neason v. Bienko*, 09-V-6327, 2012 WL 4760891 (W.D.N.Y. Oct. 5, 2012) (dismissing failure to protect claim finding allegation that another inmate spit on plaintiff did not allege even a *de minimus* injury) (citing *Sheils v. Rock,*:04-CV-861, 2008 WL 907320, at *9 (N.D.N.Y. Mar. 31, 2008) ("The fact that [corrections officers] may have spit tobacco on plaintiff [inmate], although vulgar and inappropriate, would not rise to the level of a constitutional violation.")).

II. Leave to Amend

The Court has considered whether leave to amend the complaint should be granted. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

Here, in an abundance of caution, Moore is granted leave to amend his claims against Sheriff Sposato, Nassau County and C.O. Daily in accordance with the guidance set forth above. Moore is cautioned that an amended complaint replaces the original complaint and therefore all of the factual allegations supporting each of his claims against each of the defendants must be included the amended complaint. The amended complaint must be clearly labeled "Amended Complaint", bear docket number 14-1217(JFB)(GRB), and be filed with the Court within thirty (30) days from the date of this Order. If Moore elects to file an amended complaint, he is advised that it should list specifically what injury he suffered, when and how it occurred and who was responsible for it. In pleading his failure to protect claim, Moore should include sufficient factual allegations to clarify who, if anyone, had notice of the risk of any claimed injury as well as when and how notice was given since conclusory allegations are not sufficient. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556–57, 570).

## CONCLUSION

For the reasons set forth above, the first and second complaints are consolidated into Moore's first-filed case, 14-1217. Moore's Section 1983 claims against the Jail and the Sheriff's Dept. are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Moore's Section 1983 claims against the County, Sheriff Sposato, and C.O. Daily are *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) and with leave to file an amended complaint as set forth above within thirty (30) days from the date of this order. The Clerk of Court is further directed to mail a copy of this Order to Moore at his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

Joseph F. Bianco
United States District Judge

Dated: March 26, 2014
Central Islip, New York