UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DEANDRE MOORE,

                    Plaintiff,

-against-

NASSAU COUNTY CORRECTIONAL INST.,
MICHEAL [sic] SPOSATO, Sheriff of Nassau
County, CORRECTIONAL OFFICER DAILY,

                    Defendants.
----------------------------------------------------------X

ORDER
14-CV-1217 (JFB)(GRB)



FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★  DEC 2 9 2014  ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On February 24, 2014, *pro se* plaintiff filed a complaint in this action alleging a violation of his constitutional rights. On March 26, 2014, the Court dismissed plaintiff's complaint. The Order dismissing the complaint granted plaintiff leave to file an amended complaint within thirty days of that Order. Over seven months elapsed, and plaintiff did not file an amended complaint. On October 24, 2014, the Court ordered plaintiff to submit a letter to the Court no later than November 24, 2014, explaining why his entire lawsuit should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Order was returned to the Court as "undeliverable" and marked "discharged."

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration

available to district courts in managing their specific cases and general caseload."). Moreover, it is well-settled that a district court "may act *sua sponte* to dismiss a suit for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Link*, 370 U.S. at 630); *see also Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart v. City of New York*, 992 F.2d 458, 461(2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Further, "[w]hen a party changes addresses, it is his or her obligation to notify the Court of

the new address." *Garcia v. Hynes*, No. 08 Civ. 2155, 2009 WL 890640, at *1 (E.D.N.Y. Mar. 31, 2009) (citing *Concepcion v. Ross*, No. 92 Civ. 770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997)) (citing Local Civil Rule 1.3(d))

Here, a review of the docket sheet indicates that plaintiff has not communicated with the Court since February 24, 2014. The return of the Court's mailing to plaintiff as "undeliverable" indicates that plaintiff has failed to update his address with the Court, as is his obligation. In short, plaintiff has shown no interest in continuing with this action. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendants of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the instant case. However, under the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants by retaining open lawsuits with no activity.

Accordingly, the above-referenced factors favor dismissal of the instant case without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court shall close this case.

SO ORDERED.

s/ Joseph F. Bianco

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: December 29, 2014
Central Islip, New York